Swearingen *v.* Higgins.

---

THOMAS SWEARINGEN *v.* HENRY HIGGINS.

*On a Caveat.*

The plaintiff, on the 1st day of August, in the year 1783, entered the following caveat, to-wit:

"Let no grant issue to Henry Higgins for a pre-emption of 1,000 acres of land adjoining his settlement near Harrodsburg, in Lincoln county, Thomas Swearingen claiming part thereof as assignee of the pre-emption of Abraham Chapline, who is entitled to a settlement and pre-emption by raising corn on the place, and actual settlement, and has obtained a certificate therefor from the commissioners."

The certificate of Abram Chapline was granted to him by the commissioners on the 27th day of October, 1779, and is in the following words, to-wit:

"Ann Poag and Levi Todd, administrators of the estate of Wm. Poag, deceased, this day claimed a right to a settlement and pre-emption to a tract of land lying about four miles nearly northeast from Harrodsburg, on the waters of Shawanee run, including a sinking spring, by the said decedent's improving the same in the year 1776. Abram Chapline contested the claim by James Harrod, and alleged that he, the said Chapline, had a prior improvement on the said land in the year 1774. Sundry witnesses were sworn and examined, in consideration of which the court are of one opinion, that the said Chapline has a right to a settlement of 400 acres of land, including the said settlement and the pre-emption of 1,000 acres adjoining, and that a certificate issue for the same," etc.

Abram Chapline, on the 11th day of November, 1779, entered his certificate for settlement with the surveyor of Kentucky county, in the following words, to-wit:

"Abram Chapline enters 400 acres by virtue of a certificate for

settlement, lying about four miles nearly a north-east course from Harrodsburg, on the waters of the Shawanee run, including a sinking spring."

It appeared by the facts found by a jury that James Harrod, by virtue of a power of attorney from Abram Chapline, did assign the pre-emption to the plaintiff, and that Chapline afterward approved thereof, and that the plaintiff bound himself to reconvey one-half of the said pre-emption to the said Chapline at the same time. The plaintiff having obtained a pre-emption warrant, on the 24th day of March, 1783, entered the same with the surveyor of Lincoln county, in the following words, to-wit:

" Thomas Swearingen, assignee of Abram Chapline, enters 1,000 acres of land on a pre-emption warrant, No. 1,940, beginning at the north-west corner of the said Chapline's settlement land, and running from thence west 304 poles ; thence south 390 poles; thence east 574 poles; thence north 153 poles, to the south-east corner of the said settlement; thence along the lines of the same finally to the beginning."

The defendant, on the 24th day of February, in the year 1780, obtained from the commissioners the following certificate, to-wit:

" Henry Higgins, by Isaac Hite, this day claimed a settlement and pre-emption to a tract of land in the district of Kentucky, on account of residing in the country twelve months before the year 1778, lying on the right hand side of the path leading from this place to Harrodsburg, to include an improvement made by William Mattimore. Satisfactory proof being made to the court, they are of opinion that the said Higgins has a right to a settlement of 400 acres of land, to include the above location, and the pre-emption of 1,000 acres adjoining, and that a certificate issue accordingly."

And on the 2d day of March, 1780, entered his certificate for settlement with the surveyor of Kentucky county, in the following words, to wit:

" Henry Higgins enters 400 acres, by virtue of a certificate, etc., lying on the right hand side of the path leading from Harrodsburg to Harrod's landing, about three miles from Harrodsburg, to include an improvement made by William Mattimore."

And on the 16th day of October, 1781, also entered his pre-emption warrant with the surveyor of Lincoln county, in the following words, to-wit:

" Henry Higgins enters 1,000 acres upon a pre-emption warrant,

No. 1,375, to adjoin his settlement on the westwardly side, and Chapline on the east side, and to extend south and west for quantity."

The jury also found, beside the assignment before mentioned:

"That Abram Chapline did agree to make a line with Henry Higgins, in the midst between their springs or improvements, about the end of the year 1781, or the beginning of the year 1782, but that it does not appear from the testimony of the witness whether for the settlement or pre-emption. That Chapline had no power from Swearingen to make such line, nor did Swearingen confirm such agreement made by Chapline on his return to the country."

If a survey was returned in this cause previous to the interlocutory judgment, it has not been preserved.

At the June term, 1786, the following opinion was given by the court:

The plaintiff ought to have laid the pre-emption on the south and west sides of Abram Chapline's settlement, and to have run south and west from the south and west lines of said settlement, an equal distance, so as to include the quantity.

The plaintiff must recover of the defendant as much of the land in dispute as will be included within the bounds aforesaid. Order of survey, etc., and at this term, the surveyor of Mercer county, within the bounds of which the land in dispute lies, and which was formerly a part of Lincoln county, returned the annexed plat, No. 3, and a certificate of survey.

6 7 8 9, Abram Chapline's settlement of 400 acres, as surveyed. *a b c d e f*, Thomas Swearingen's pre-emption of 1,000 acres, assignee of Abram Chapline, as directed to be laid down by the court. *g h i j k* H, Henry Higgins' settlement of 400 acres, as surveyed. A B C D E F G H, Henry Higgins' pre-emption of 1,000 acres, as surveyed. 1 2 3 4 5, Matthew Yocum's pre-emption of 1,000 acres, in two surveys of 500 acres each. The surveyor also reported the interference to be 218 acres, which is designated by the letters A B *d*, for which, by the boundaries, the court now gave final judgment for the plaintiff.